JEFFREY A. COHEN (SBN 149615)
TORIN A DORROS (SBN 191228) Of Counsel
NADINE ALSAADI (SBN 339899)
**COHEN BUSINESS LAW GROUP**
*A Professional Corporation*
10990 Wilshire Blvd., Suite 1025
Los Angeles, California 90024
Tel: (310) 469-9600
Fax: (310) 469-9610

Attorneys for Plaintiff
WELL GO USA, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WELL GO USA, INC.<br>    Plaintiff,<br><br>v.<br><br>SITU YUEHUA<br><br>    individually, | Defendant. Case No.<br><br>COMPLAINT<br>(1) Copyright Infringement – 17 U.S.C. § 501 et seq.<br>(2) Wrongful Takedown Notice 17 U.S.C. 512(f)<br><br>DEMAND FOR TRIAL BY JURY |

Plaintiff, Well Go USA, Inc. ("WGU"), by and through its undersigned counsel, alleges as follows against Situ Yuehua ("Yuehua" or "Defendant"):

## **PARTIES**

1. Plaintiff WGU is a Texas corporation, doing business as Well Go USA Entertainment, with its principal place of business at 3801 W Plano Pkwy, Suite 300, Plano, Texas 75083.

2. On information and belief, Defendant Yuehua is an individual resident of China. Defendant has expressly consented to jurisdiction in the State of California and can be served with process at YouTube's physical location at YouTube, LLC 901 Cherry Ave., San Bruno, California 94066.

## **JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over the claims set forth in this Complaint under 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. §

1338(a) (copyright actions).

4. On information and belief, Defendant regularly and systematically conducts business in this District and within this Division and has expressly consented to jurisdiction within this Division according to the provisions of 17 U.S.C. §512(g)(3)(D) by submitting a counter-notice under that sub-division. See. Counter Notice – Attached hereto as Exhibit A. Accordingly, Defendant is subject to the personal jurisdiction of this Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), (b) and (c) because, on information and belief, a substantial portion of the acts and omissions complained of herein, including acts of infringement, occurred in this District and within this Division, and because there is no district in which an action may otherwise be brought as provided by 28 U.S.C. § 1391, and Defendant has expressly consented to the Court's personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

A. **WGU's Business and Copyright**

6. WGU is an entertainment company that produces, markets, and distributes motion pictures and other media in the United States and numerous other territories.

7. Pineapple Movie Limited ("Pineapple") is a corporation organized and existing under the laws of the Hong Kong SARS Government, with its principal place of business located at PACIFIC TRADE CENTER, 2 KAI HING ROAD, KOWLOON BAY, KOWLOON, HONG KONG, and originally registered certain works, namely a film production, under Federal Registration number 62648125-000-01-17-8 – entitled UNDERCOVER PUNCH AND GUN ("Undercover Punch and Gun").

8. On or about April 30, 2019, an International Sales Agreement was executed between Pineapple and another entity All Rights Entertainment Limited, ("All Rights") a corporation licensed and existing under the laws of Hong Kong SARS Government, with its principal place of business at Pacific Trade Center, 2 Kai Hing Road, Kowloon Bay, Kowloon, Hong Kong, (hereinafter referred to as "Assignor") which, inter alia, transferred

the rights of Undercover Punch and Gun to All Rights which is confirmed by a formal copyright assignment executed by the assignor therein on or about August 1, 2023 ("Copyright Assignment"). See Copyright Assignment Attached hereto as Exhibit B.

9. The Copyright Assignment was submitted for registration with the United States Copyright Office on August 3, 2023. See Submission Receipt attached hereto as Exhibit C.

10. On or about June 15, 2020, WGU entered into a sub-license agreement with All Rights Entertainment granting WGU its exclusive license to the Copyrighted Work and rights to distribute Undercover Punch and Gun (the "WGU License Agreement"). Pursuant to this WGU License Agreement, WGU has exclusive rights under copyright to distribute, exhibit, license, sell and otherwise exploit Undercover Punch and Gun (including any and all cut, re-cut, edited, re-edited, dubbed, re-dubbed, and other versions in the authorized languages thereof) within North America, which is defined to include the United States and Canada, including the Caribbean Basin, and (a) each of its respective protectorates, commonwealths, territories, trusteeships and possessions (as defined by IFTA International Schedule of Territories), (b) each of its military and government installations (including Armed Forces Radio and Television), diplomatic posts and embassies wherever located, and (c) any and all oil rigs flying its flag. Authorized language rights for the film include all language for the film. The WGU License Agreement expressly includes Internet downloading and streaming video and runs for a term of ten years from the signing of the agreement. See WGU License Agreement attached hereto as Exhibit D.

11. On or about August 1, 2023, All Rights, in turn, executed a further copyright assignment from All Rights to Well GO, USA, plaintiff herein thereby assigning all right title and interest in and to Undercover Punch and Gun to Well GO, USA, expressly including an unconditional transfer of all "interest in any and all claims, demands, and causes of action and corresponding damages of any kind whatsoever" ("Further Copyright Assignment"). See Further Copyright Assignment attached hereto as Exhibit E.

12. The Further Copyright Assignment was submitted for registration with the United States Copyright Office on August 3, 2023. See Further Submission Receipt attached hereto as Exhibit F.

13. All Rights Entertainment's copyright registration is currently valid, subsisting, in full force and effect, and exclusively licensed to WGU in the territory of North America. WGU has taken appropriate measures to protect its copyright as an exclusive licensee and place the public on notice thereof. WGU has never authorized Defendant to stream, display, or distribute the Copyrighted Work in violation of All Rights Entertainment's copyright.

B. **Defendant's Infringement of WGU's Copyright**

14. On or about July 18, 2023, WGU discovered that Defendant Yuehua had posted a full-length copy of Undercover Punch and Gun to YouTube at http://www.youtube.com/watch?v=eUit8ZfaobI. This full-length version of the Copyrighted Work, as posted by Defendant, was available to viewers within the United States without WGU's knowledge or consent and in violation of WGU's rights under the WGU License Agreement, All Rights Entertainment's copyright (as licensed to WGU), and YouTube's own Terms of Use. Accordingly, WGU submitted a formal request that YouTube remove the infringing content on these bases.

15. On or about July 22, 2023, WGU received notice from YouTube that Defendant Yuehua had submitted a counter notification to YouTube claiming "…a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled." Defendant failed to substantiate this statement or otherwise support this claim of valid use of the posted content, which is wholly inconsistent with the ownership of the film by All Rights Entertainment and the licensing of the film to WGU as set forth above.

16. In connection with its counter-notice, Defendant Yuehua expressly "consent[ed] to the jurisdiction of the Federal District Court for the district in which [his] address is located, or if [his] address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant."

Complaint 4

17. Upon receipt of the counter-notice, and consistent with YouTube Terms of Service, YouTube advised WGU that it had ten business days within which to "file[] an action seeking a court order against the counter notifier to restrain the allegedly infringing activity" and that in most cases, "such evidence would include a lawsuit against the uploader who filed the counter notification[s]" and "which names the specific YouTube URL(s) at issue."

18. On information and belief, Defendant is in the business of the distribution of motion pictures and other media. As detailed above, Defendant has directed his business activities toward consumers in North America and specifically within this Judicial District.

19. Defendant's online distribution of the Copyrighted Work, using YouTube's streaming services, and without the knowledge, consent, or authorization of WGU violates WGU's exclusive rights of reproduction, derivative works, distribution, and public display.

## CLAIMS FOR RELIEF

## FIRST CLAIM

Federal Copyright Infringement

(17 U.S.C. § 501 et seq.)

20. WGU incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

21. WGU is the sole owner of all rights, title, and interest to the Copyrighted Work and an exclusive licensee of the corresponding copyright and Certificate of Registration. As an exclusive licensee pertaining to the Copyrighted Work, WGU has the exclusive right, subject to certain limitations, to reproduce the work, prepare derivative works, distribute copies of the work, and/or publicly display the Copyrighted Work. 17 U.S.C. § 106(1)-6). "Anyone who violates any of the exclusive rights of the copyright owner ... is an infringer of the copyright." 17 U.S.C. § 501(a). Further, "[a]ny of the exclusive rights comprised in a copyright, including any subdivision of any of the rights specified by section 106 [17 USC § 106], may be transferred as provided by clause (1) and owned separately. The owner

of any particular exclusive right is entitled, to the extent of that right, to all of the protection and remedies accorded to the copyright owner by this title." 17 U.S.C. § 201(d)(2).

22. The Copyrighted Work consists of original material and is copyrightable in subject matter.

23. Defendant publicly displayed and/or distributed a copy of WGU's Copyrighted Work for financial gain and without WGU's approval or authorization, in violation of the WFU License Agreement.

24. As demonstrated by Defendant's submission of a counter-notice to YouTube, Defendant has used and will continue to use the Copyrighted Work through online streaming platforms including but not limited to YouTube and other online venues.

25. Such use violates WGU's exclusive rights of reproduction, derivative works, distribution, and public display pursuant to the WGU License Agreement and U.S. Copyright Registration No. PA 000-2-272-277.

26. The foregoing acts of Defendant constitute infringement of WGU's intellectual property rights in violation of the Copyright Act (17 U.S.C. § 501 et seq.).

27. The acts of infringement by Defendant have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of WGU.

28. As a direct and proximate result of the Defendant's actions, WGU has suffered damages for which WGU now sues.

29. Defendant has been and is likely to continue to be unjustly enriched by its infringing conduct.

30. Pursuant to 17 U.S.C. § 504(b), WGU is entitled to recover its actual damages and all profit Defendant has made as a result of its wrongful conduct.

31. Alternatively, pursuant to 17 U.S.C. § 504(c), WGU is entitled to statutory damages between $750 and $30,000 per infringed work, and up to $150,000 per infringed work as a result of Defendant's willful and intentional conduct.

32. Pursuant to 17 U.S.C. § 505, WGU requests an award of its full attorney fees and costs.

33. Because the Defendant's actions have been willful and deliberate, this is an exceptional case for which attorneys' fees are recoverable under 15 U.S.C. § 1117(a).

## SECOND CLAIM

Misrepresentation in Counter Notification

(17 U.S.C. § 512(f))

34. WGU incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

35. On information and belief, Defendant knew or should have known that Defendant did infringe on WGU's copyright as of the date he sent YouTube his counter notification pursuant to 17 U.S.C. §512.

36. Accordingly, Defendant violated 17 U.S.C. § 512(f) by knowingly and materially misrepresenting to YouTube that the removal of his streaming video on the basis of infringement (i.e., without license or consent of the Copyright owner) was a mistake.

37. As a direct and proximate result of Defendant's actions, WGU has been injured substantially and irreparably.

**APPLICATION FOR INJUNCTION**

38. WGU incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

39. Upon information and belief, Defendant, unless enjoined, will continue to infringe WGU's Copyrighted Work as described in this Complaint. These acts violate the Copyright Act.

40. These actions entitle WGU to injunctive relief and, upon hearing, permanent injunction enjoining Defendant and its officers, agents, servants, employees, users, and attorneys, and all those persons in active concert or in participation with them from:

i. Any unauthorized use of the Copyrighted Work, including reproducing, distributing, adapting, and/or publicly displaying the Copyrighted Work in an unauthorized manner;

ii. infringing any rights of WGU; and

iii. Otherwise competing unfairly with WGU or injuring its business reputation in any manner.

41. For these actions, there is no adequate remedy at law. Further, WGU is substantially likely to prevail on the merits of these claims. The injury to WGU greatly outweighs any injury to Defendant that the requested injunction may cause. The balance of hardships tips strongly in favor of WGU. Finally, the injunction will not disserve the public interest. Therefore, WGU is entitled to preliminary and permanent injunctive relief against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Well Go USA, Inc. prays that Defendant Situ Yuehua be cited to appear and answer and that after a hearing, the Court grant the following relief:

42. In accordance with 17 U.S.C. § 502 and 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendant and his officers, agents, servants, employees, users, if any, and attorneys, and all those persons in active concert or participation with Defendant from the acts described in this Complaint;

43. Order Defendant to file with the Court and serve on WGU's counsel within 30 days after service of the order requiring the actions specified above, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

44. Order Defendant to provide an accounting of all financial gain related to Defendant's infringement of the Copyrighted Work in accordance with 17 U.S.C. § 504(b);

45. Awarding restitution and disgorgement of all profits and unjust enrichment that Defendant obtained as a result of its unlawful business practices described herein pursuant to CAL. BUS. PROF. CODE § 17200;

46. Enter judgment against Defendant for WGU's actual damages and Defendant's profits under the Copyright Act (17 U.S.C. § 504(b)), or alternatively, for statutory damages under § 504(c);

47. In accordance with 15 U.S.C. § 1117(a), 17 U.S.C. § 505, 17 U.S.C. § 512(f), and 17 U.S.C. § 1203(b)(5), award WGU its reasonable attorney fees, costs, and expenses of this action;

48. Award WGU pre-judgment and post-judgment interest as provided by law; and

49. Such other and further relief at law or in equity as WGU may be justly entitled.

Dated: August 3, 2023         **COHEN BUSINESS LAW GROUP**
                              *A Professional Corporation*

                              By: /Jeffrey A. Cohen/
                              _____
                              **JEFFREY A. COHEN**
                              **NADINE ALSAADI**
                              *Attorneys for Plaintiff*
                              WELL GO USA, INC.

## DEMAND FOR TRIAL BY JURY

WGU demands a trial by jury on its claims alleged against Defendant.

Dated: August 3, 2023         **COHEN BUSINESS LAW GROUP**
                              *A Professional Corporation*

                              By: /Jeffrey A. Cohen/
                              _____
                              **JEFFREY A. COHEN**
                              **NADINE ALSAADI**
                              *Attorneys for Plaintiff*
                              WELL GO USA, INC.